UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MATTHEW CORDERO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 21cv1609-LL(MSB)<br><br>**ORDER DENYING: (1) MOTION TO APPOINT COUNSEL; (2) MOTION FOR ORDER TO SHOW CAUSE; AND (3) MOTION FOR SANCTIONS [ECF NO. 56]** |

## I.     RELEVANT BACKGROUND

Plaintiff Randy Matthew Cordero ("Plaintiff") is incarcerated in state prison and proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On December 17, 2021, Plaintiff filed a First Amended Complaint ("FAC") against the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 22.)  On April 26, 2022, the Court issued an Order finding Plaintiff's FAC sufficient to state plausible Eighth Amendment claims against Defendants Bailey, Camacho, Galaviz, Gutierrez, and Kako.  (ECF No. 28.)  The Court also denied Plaintiff's Motion for Appointment of Counsel [ECF No. 25], finding he failed to establish the requisite "exceptional circumstances."  (Id.)  On September 6, 2022, waivers of service

were executed as to all Defendants except "Abraham Gutierrez." (ECF Nos. 40–44.) As to Gutierrez, a letter attached to the USM-285 Form indicates that CDCR officials were unable "to identify any staff member with this name after a thorough search of [their] records and files." (ECF No. 40-1.) On October 11, 2022, Plaintiff filed a "Motion for Order to Show Cause" in which he insisted there was a staff member named "Gutierrez" at Richard J. Donovan ("RJD") at the time the incident alleged in the FAC took place. (ECF No. 48.) After reviewing the docket and pleadings, the Court directed the Deputy Attorney General assigned to this case to conduct a new search for a correctional staff member with the surname "Gutierrez" who was working at RJD, Facility C, Building 15 on August 21, 2020. (ECF No. 49.) On November 14, 2022, the Deputy Attorney General filed a Declaration notifying the Court that, after a new search, CDCR officials were unable to identify an individual meeting these criteria. (ECF No. 53.)

Now pending before the Court is Plaintiff's December 14, 2022, Motion entitled "Plaintiff's Second Motion for Order to Show Cause; Motion for Appointment of Counsel; and Motion for Court to Impose Possible Sanctions." (ECF No. 56.) First, Plaintiff renews his request for appointment of counsel, stating this case is "extremely sensitive" and he needs counsel to help uphold his rights. (Id. at 3–4.) Second, Plaintiff asks the Court to issue an Order to Show Cause why "Defendant Gutierrez" has not been served. (Id. at 1–4.) Finally, Plaintiff requests that the Court impose sanctions against Defendants "for their [sic] intentional practice of 'stonewalling' Plaintiff by refusing and failing to serve Defendant Gutierrez." (Id. at 4.) For the reasons set forth below, the Court **DENIES without prejudice** Plaintiff's Motion [ECF No. 56].

## II.  MOTION TO APPOINT COUNSEL

Plaintiff initially filed a Motion to Appoint Counsel on January 21, 2022, which the Court denied on April 26, 2022. (ECF Nos. 25 & 28.) Now, Plaintiff renews his request due to the "sensitive" nature and "seriousness" of his case. (ECF No. 56 at 3.) He asks for counsel to be appointed to help uphold his rights and says failure to do so will "prejudice me from getting my justice." (Id. at 4.) In support, Plaintiff attaches an

October 17, 2022, letter from lawyer Michael Freedman, in which Mr. Freedman advises Plaintiff to "consider asking the Court to appoint an attorney for you." (Id. at 5–6.) Mr. Freedman tells Plaintiffs that lawsuits can be challenging to pursue from prison, and he is likely to "get a better result if you have someone representing you." (Id. at 5.)

### A. Legal Standard

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). While 28 U.S.C. § 1915(e)(1) gives district courts discretion to "request" that an attorney represent indigent civil litigants, it may only be exercised upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Courts must review both factors before deciding whether to appoint counsel, and neither factor is individually dispositive. Id.

### B. Discussion

#### a. Likelihood of Success on the Merits

The Court denied Plaintiff's previous Motion to Appoint Counsel because Plaintiff presented no evidence to the Court regarding the likelihood of his success on the merits in this case. (ECF No. 28.) Plaintiff now renews his request for appointment of counsel, without providing any new evidence demonstrating he is likely to be successful. (ECF No. 56.) Though the Court found Plaintiff's FAC contained plausible Eighth Amendment

claims against various CDCR employees (ECF No. 22), it is premature for the Court to determine the strength of these claims. See e.g., Arellano v. Blahnik, Case No. 16cv2412-CAB-RNB, 2018 WL 4599697, at *2 n.1 (S.D. Cal. Sept. 25, 2018) (denying motion to appoint counsel because "[a]lthough plaintiff's [ ] claim survived defendant's motion to dismiss, it is still too early to determine the likelihood of success on the merits."). Therefore, Plaintiff fails to satisfy the first factor of the Wilborn test. See, e.g., Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that where the plaintiff offered "no evidence other than his own assertions to support his claims," he failed to satisfy the first Wilborn factor).

### b. Plaintiff's Ability to Articulate Claims

Where a pro se civil rights plaintiff shows he has a good grasp of basic litigation procedure and has articulated his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second Wilborn factor was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively"). The Court has reviewed all of the documents filed by Plaintiff in this case including the FAC [ECF No. 22], Motion to Appoint Counsel [ECF No. 25], Motion for Reconsideration [ECF No. 31], Motion for Extension of Time [ECF No. 34], and the instant Motion [ECF No. 56]. The Court notes that Plaintiff also appeared telephonically at a Case Management Conference on October 21, 2022. (ECF No. 51.)

The information before the Court suggests that the complexity of this case does not exceed Plaintiff's abilities. To date, Plaintiff has been able to articulate his claims, communicate with the Court, and navigate civil procedure without legal assistance. Thus, Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex. Other factors like indigency, incarceration, and being untrained in the law are difficulties that any imprisoned litigant would have in proceeding pro se; although the Court is sympathetic to these circumstances, they are

not exceptional factors.  See Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

### c. Conclusion

The evidence before the Court does not demonstrate that Plaintiff enjoys a likelihood of success on the merits or that he is unable to articulate his claims and litigate his case without the assistance of an attorney.  Accordingly, the Court finds Plaintiff has not established exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  The Court **DENIES without prejudice** Plaintiff's Motion to Appoint Counsel.

### III. MOTION FOR ORDER TO SHOW CAUSE

Plaintiff also requests the Court issue an Order to Show Cause "for the Defendants to explain 'why' [they] continue to refuse to serve Defendant Gutierrez . . . and failed to follow CDCR policy and procedures to provide a photo identification line-up of the various Gutierrez's."  (ECF No. 56 at 1.)  Plaintiff says that "Defendants are intentionally 'stonewalling' Plaintiff by refusing and failing to serve Defendant Gutierrez because it will further weaken their defense and unveil additional misconduct."  (Id.) Although he acknowledges the Deputy Attorney General conducted a new search for a staff member named "Gutierrez," he asks about "other possible additional Gutierrez's who were not scheduled to work on August 21, 2020" or the "possibility that the Gutierrez who in fact escorted me with Defendant Galaviz had 'left his assigned post without supervisor approval.' "  (Id. at 2.)  Plaintiff suggests that the other named Defendants—Bailey, Camacho, Galaviz, and Kako—can identify the specific "Gutierrez" who escorted him to the gym.  (Id.)  Plaintiff does not cite to any legal authority supporting his request for an Order to Show Cause.

A. Relevant Background

On October 20, 2022, the Court ordered the Deputy Attorney General assigned to this case to conduct a new and thorough search to determine whether a staff member

with the surname "Gutierrez" was employed at RJD and assigned to Facility C, Building 15 on August 21, 2020. (ECF No. 49 at 6.) On November 14, 2022, the Deputy Attorney General filed a Declaration in response to the Court's Order. (ECF No. 53.) In it, she says she conducted a new search with the assistance of the RJD litigation coordinator, which revealed three individuals with the surname Gutierrez who were working at RJD on the date of the incident. (ECF No. 53 at 2.) However, based on review of Plaintiff's FAC, the Incident Report, and other records, she determined that none of the officers were present at the time of the incident, which took place at approximately 7:22 p.m. (Id.) First, C. Gutierrez was assigned to the RJD hospital and worked from 6:00 a.m. until 2:00 p.m.; therefore, the Deputy Attorney General determined he was not the Gutierrez identified by Plaintiff. (Id.) Second, J. Gutierrez was assigned to Facility C Culinary; therefore, the Deputy Attorney General determined he was not the Gutierrez identified by Plaintiff. (Id. at 3.) Finally, R. Gutierrez was working as a control booth operator from 6:00 a.m. until 2:00 p.m.; therefore, the Deputy Attorney General determined he was not the Gutierrez identified by Plaintiff. (Id.)

### B. Discussion

Based on the foregoing, the Court finds that the Deputy Attorney General has taken reasonable steps to comply with the Court's October 20, 2022, Order [ECF No. 49]. As she stated in her Declaration, the Deputy Attorney General reached out to the RJD litigation coordinator and searched for all individuals with the surname "Gutierrez" working at RJD at the time of the incident. (ECF No. 53.) After reviewing the FAC, Incident Report, and other records, the Deputy Attorney General reasonably ruled out three individuals with the surname "Gutierrez" because they were not working at the approximate time of the incident, they were working in a different location, or both. (Id. at 2–3.) Although it is unfortunate this search was unsuccessful, the Court is satisfied that the Deputy Attorney General made a good faith effort and abided by the Court's Order.

The Ninth Circuit has held that, "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants." Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)); see also Coreno v. Hiles, 09-cv-2504-LAB-POR, 2010 WL 2404395, at *3 (S.D. Cal. June 14, 2010).  Here, Plaintiff has named, and the U.S. Marshals have effectuated service, on Defendants Bailey, Camacho, Galaviz, and Kako.  (ECF Nos. 40–44.)  The only remaining party who has not been served is "Defendant Gutierrez." (See generally Docket.)  Plaintiff is entitled and encouraged to use discovery methods such as interrogatories and requests for production to "uncover the identities" of any unnamed defendants, including Gutierrez.  See Wakefield, 177 F.3d at 1163 (quoting Gillespie, 629 F.2d at 642).  In the interim, the Court finds good cause for the case to proceed.

### C. Conclusion

In conclusion, the Court **DENIES without prejudice** Plaintiff's Motion for an Order to Show Cause.  The Court **GRANTS LEAVE** for Plaintiff to uncover the identify of "Defendant Gutierrez" through the course of discovery and amend his Complaint and pleadings thereafter.  The Court will be sure to set the deadline to join other parties, amend the pleadings, or to file additional pleadings sufficiently out to allow for Plaintiff to conduct these discovery efforts.

## IV. MOTION FOR SANCTIONS

Finally, Plaintiff asks that the Court "impose sanctions against these Defendants for their intentional practice of 'stonewalling' Plaintiff by refusing and failing to serve Defendant Gutierrez." (ECF No. 56 at 4.)  Plaintiff does not cite to any legal authority or provide any specific evidence of sanctionable conduct.  As stated above, the Court finds that the Deputy Attorney General has abided by the Court's Orders and undertaken diligent efforts to identify "Defendant Gutierrez."  Accordingly, the Court **DENIES without prejudice** Plaintiff's Motion for Sanctions.

///

## V. Conclusion

For the reasons stated above, the Court **DENIES without prejudice** Plaintiff's Motion [ECF No. 56]. The Court **GRANTS LEAVE** for Plaintiff to uncover the identify of "Defendant Gutierrez" through the course of discovery and amend his Complaint and pleadings thereafter.

**IT IS SO ORDERED**.

Dated:  December 20, 2022

Honorable Michael S. Berg
United States Magistrate Judge