UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MATTHEW CORDERO,<br><br>                                    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                                    Defendants. | Case No.:  21cv1609-JES(MSB)<br><br>**ORDER DENYING: (1) MOTION TO APPOINT COUNSEL; (2) MOTION TO ADD GUTIERREZ AS A DEFENDANT; AND (3) MOTION TO COMPEL DISCOVERY [ECF NO. 76]** |

Plaintiff Randy Matthew Cordero ("Plaintiff") is incarcerated in state prison and proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Now pending before the Court is Plaintiff's Motion entitled "Objections and Plaintiff's Motions: (1) for Appointment of Counsel at the Deposition; (2) for Defendant Gutierrez, aka: Juarez to be Named as a Defendant; [and] (3) Defendant Camacho's Disciplinary Record, Motion to Compel Discovery" ("Motion").[1]  (ECF No. 76.)

---

[1] The Court stamped the Motion as "filed" on July 3, 2023; however, it was not docketed until July 13, 2023.  (ECF No. 76.)  That same day, the Court held a Zoom Case Management Conference, during which the parties discussed and resolved many of Plaintiff's concerns raised in the instant Motion. (ECF No. 77.)

1 Plaintiff subsequently filed a "Declaration and Plaintiff's Written Notice of Request for

2 Discovery Conference" ("Declaration"), requesting a discovery conference regarding his

3 request for copies of Defendants' personnel files.[2]  (ECF No. 79.)  On July 25, 2023,

4 counsel for Defendant Camacho filed a Response to Plaintiff's Motion and Declaration

5 ("Response"), wherein defense counsel argues that the instant Motion was filed

6 prematurely—before the parties engaged in a meet and confer on the relevant subjects.

7 (ECF No. 80.)  Further, defense counsel explains that the Court took these matters up at

8 the July 13, 2023, Zoom Case Management Conference, and the parties further met and

9 conferred after the same conference.  (Id. at 1–2.)  Accordingly, defense counsel

10 contends that the subjects of Plaintiff's Motion and Declaration "have been addressed

11 and are now moot."  (Id. at 1.)  For the reasons set forth below, the Court **DENIES**

12 Plaintiff's Motion.

13 ## I.  MOTION TO APPOINT COUNSEL

14        Plaintiff filed an initial request for appointment of counsel on January 21, 2022,

15 which the Court denied on April 26, 2022.  (ECF Nos. 25 & 28.)  He filed a second request

16 on December 14, 2022, which the Court again denied on December 20, 2022.  (ECF Nos.

17 56–57.)  Now, Plaintiff makes a third request for appointment of counsel, but fails to

18 provide any new evidence demonstrating he is likely to be successful on the merits or

19 that he is unable to articulate his claims.  (ECF No. 76.)  Aside from the document

20 caption requesting "appointment of counsel at the deposition," Plaintiff only indirectly

21 mentions his request one other time, stating that his delays turning over discovery to

22 Defendants would "never have happened if I had been appointed counsel."  (Id. at 2.)

23 Plaintiff does not cite to any legal authority or explain why appointment of counsel is

24 now warranted, as opposed to the previous two times the Court denied his requests.

25 _____

26

27 [2] The Court stamped the Declaration as "filed" on July 12, 2023; however, it was not docketed until July 18, 2023.  (ECF No. 79.)  At the Zoom Case Management Conference on July 13, 2023, the parties also discussed and resolved many of the issues raised by Plaintiff in his Declaration.  (ECF No. 77.)

28

21cv1609-JES(MSB)

**A. Legal Standard**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983.  Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  While 28 U.S.C. § 1915(e)(1) gives district courts discretion to "request" that an attorney represent indigent civil litigants, it may only be exercised upon a showing of "exceptional circumstances."  Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Courts must review both factors before deciding whether to appoint counsel, and neither factor is individually dispositive.  Id.

**B. Discussion**

The Court denied Plaintiff's two previous requests for appointment of counsel because Plaintiff did not establish the required exceptional circumstances.  (ECF Nos. 28 & 57.)  Plaintiff now renews his request and specifically seeks counsel at his deposition, arguing only that discovery delays would have been avoided had his previous motions for appointment of counsel been granted.  (ECF No. 76 at 2.)  He does not otherwise provide support for why counsel is needed at this juncture or why the instant request is different than his previous two.  After an evaluation of both the likelihood of success on the merits and Plaintiff's ability to articulate his claims *pro se*, the Court once again finds that Plaintiff has not demonstrated the existence of exceptional circumstances.

/ / /

First, Plaintiff has not shown that he is likely to succeed on the merits at this stage in the proceedings.  See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that where the plaintiff offered "no evidence other than his own assertions to support his claims," he failed to satisfy the first Wilborn factor).  Though the Court found Plaintiff's First Amended Complaint ("FAC") contained plausible Eighth Amendment claims against various California Department of Corrections and Rehabilitation ("CDCR") employees (ECF No. 22), it is still premature to determine the strength of these claims.  See e.g., Arellano v. Blahnik, No. 16cv2412-CAB-RNB, 2018 WL 4599697, at *2 n.1 (S.D. Cal. Sept. 25, 2018) (denying motion to appoint counsel because "[a]lthough plaintiff's [ ] claim survived defendant's motion to dismiss, it is still too early to determine the likelihood of success on the merits."); Hearn v. RJD Warden, No. 22cv255-TWR-DDL, 2022 WL 17407996, at *2 (S.D. Cal. Dec. 2, 2022) (when the plaintiff's claims remain unproven at early stages of proceedings, "there is no basis upon which the Court can predict Plaintiff's success at trial.").

Second, Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex.  To date, Plaintiff has filed a FAC [ECF No. 22], Motion for Reconsideration [ECF No. 31], Motions to Appoint Counsel [ECF Nos. 25, 56, 76], Motion for Extension of Time [ECF No. 20], and Motions to Compel Discovery [ECF Nos. 64, 76].  He also appeared by video at Case Management Conferences on October 21, 2022; December 23, 2022; April 11, 2023; and July 13, 2023.  (See ECF. Nos. 51, 59, 68, 77).  Thus, Plaintiff has demonstrated a good grasp of basic litigation procedure and has articulated his claims adequately to this point.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second Wilborn factor was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively").  Other factors like indigency, incarceration, and being untrained in the law are difficulties that any imprisoned litigant would have in proceeding pro se; although the Court is sympathetic to these circumstances, they are not exceptional factors.  See Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding

21cv1609-JES(MSB)

1  denial of appointment of counsel where plaintiff complained that he had limited access

2  to law library and lacked a legal education).

3  **C. Conclusion**

4        The evidence before the Court does not demonstrate that Plaintiff enjoys a

5  likelihood of success on the merits or that he is unable to articulate his claims without

6  the assistance of an attorney.  Moreover, the instant Motion specifically requests

7  appointment of counsel for Plaintiff's deposition; however, at the most recent Zoom

8  Case Management Conference [ECF No. 77], the parties confirmed that Plaintiff's

9  deposition was scheduled for July 19, 2023.  Because this deposition seemingly occurred

10 as scheduled and the Court was not alerted to any problems (<u>see generally</u> Docket),

11 Plaintiff's request for counsel at the deposition is now moot.  Based on the foregoing,

12 the Court **DENIES without prejudice** Plaintiff's Motion to Appoint Counsel.

13                    **II.  <u>MOTION TO ADD GUTIERREZ AS A DEFENDANT</u>**

14       Plaintiff next requests that the Court "re-visit the issue of it adding C/O Gutierrez,

15 aka Juarez as a Defendant."  (ECF No. 76. at 3.)  Relevant to this request, on October 11,

16 2022, Plaintiff filed a "Motion for Order to Show Cause" in which he insisted there was a

17 staff member named "Gutierrez" at Richard J. Donovan ("RJD") Correctional Facility at

18 the time of the alleged incident.  (ECF No. 48.)  After reviewing the docket and

19 pleadings, the Court directed the Deputy Attorney General assigned to this case to

20 conduct a new search for a correctional staff member with the surname "Gutierrez"

21 who was working at RJD, Facility C, Building 15 on August 21, 2020.  (ECF No. 49.)  On

22 November 14, 2022, the Deputy Attorney General filed a Declaration notifying the Court

23 that, after a thorough search, CDCR officials were unable to identify an individual

24 meeting these criteria.  (ECF No. 53.)  On December 20, 2022, the Court determined that

25 the Deputy Attorney General made a good faith effort and fully complied with the

26 Court's Order.  (ECF No. 57 at 6.)  The Court indicated it would give leave "for Plaintiff to

27 uncover the identify of 'Defendant Gutierrez' through the course of discovery and

28 amend his Complaint and pleadings thereafter."  (<u>Id.</u> at 8.)

1    Subsequently, the Court's December 23, 2022, Scheduling Order provided that

2  any motion to join other parties, amend the pleadings, or file additional pleadings must

3  be filed by March 23, 2023.  (ECF No. 58 at 2.)  This deadline has long expired.  Plaintiff

4  did not file a motion to add a new defendant prior to the March 23, 2023 deadline, nor

5  has he submitted any new information suggesting an individual meeting the above

6  criteria has been discovered.  Plaintiff's instant request is therefore untimely, as it

7  comes nearly three months after the deadline to amend the pleadings has expired.

8  Moreover, the Court is satisfied that the Deputy Attorney General made reasonable

9  efforts to locate an RJD staff member with the surname "Gutierrez" who was working

10 during the time of the alleged events, but the search was simply unsuccessful.

11 Accordingly, the Court **DENIES** Plaintiff's Motion to Add Gutierrez as a Defendant.

12                            ### III. <u>MOTION TO COMPEL DISCOVERY</u>

13    Finally, Plaintiff asks that the Court re-visit his "March 22, 2023 Motion for Order

14 Compelling Discovery [ECF No. 64]," arguing that Defendant Camacho's counsel has not

15 responded to his requests for production of "Camacho's disciplinary section of his

16 personnel file."  (ECF No. 76 at 3.)  Further, Plaintiff contends that Defendant Camacho's

17 counsel "continues to 'stonewall' me for this info and outright tells me he 'won't

18 comply' to several of my requests."  (<u>Id.</u>)  In his Declaration, Plaintiff adds that

19 "Defendants have failed to provide me with discovery information from Defendants'

20 personnel file of disciplinary history and other related materials such as mandatory

21 training courses and procedures, Department policies on training, notices of training,

22 certification of training completions required of all CDCR employees."  (ECF No. 79 at 1.)

23 In response, Defendant Camacho's counsel argues that Plaintiff's Motion to Compel

24 Discovery is premature because "[t]here was no meet and confer process nor narrowing

25 of the issues in dispute in advance of filing the motion[]."  (ECF No. 80 1–2.)  However,

26 defense counsel says that the parties met and conferred after the July 13, 2023, Zoom

27 Case Management Conference and the subjects are now moot.  (<u>Id.</u>)

28 / / /

1    Part IV of Magistrate Judge Berg's Civil Chambers Rules provides that "[c]ounsel
2  are to promptly meet and confer regarding all disputed [discovery] issues, pursuant to
3  the requirements of Civil Local Rule 26.1.a."  Additionally, "[n]o discovery motion may
4  be filed until the Court has conducted its pre-motion telephonic conference, unless the
5  movant has obtained leave of Court."  Here, Plaintiff filed the instant Motion to Compel
6  Discovery on July 3, 2023, prior to meeting and conferring with opposing counsel and
7  prior to the Court conducting an informal discovery conference.  Thus, the Court agrees
8  with defense counsel that Plaintiff's Motion to Compel Discovery is premature.
9  Additionally, Plaintiff's requests are now moot because the Court addressed these
10 issues at the July 13, 2023, Zoom Case Management Conference and the parties further
11 met and conferred after the conclusion of the conference.  (ECF No. 80 at 1–2.)
12 Accordingly, the Court **DENIES** Plaintiff's Motion to Compel Discovery.

### IV. <u>CONCLUSION</u>

14    For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Appoint
15 Counsel; Motion to Add Gutierrez as a Defendant; and Motion to Compel Discovery.
16    **IT IS SO ORDERED**.

17 Dated:  August 11, 2023

Honorable Michael S. Berg
United States Magistrate Judge

21cv1609-JES(MSB)